**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4212

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN CLARK MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00163-WO-1)

Submitted:  November 15, 2024                    Decided:  December 12, 2024

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Lindsey Ann Freeman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2010, Kevin Moore pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and the district court sentenced him to 151 months' imprisonment followed by three years of supervised release. In 2021, the district court revoked Moore's supervised release and sentenced him to 24 months' imprisonment followed by another year of supervised release. In 2024, the district court again revoked Moore's supervised release and sentenced him to 21 months' imprisonment with no period of supervision to follow. Moore appeals from the second revocation judgment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the district court erred in revoking Moore's supervised release instead of continuing him on supervision to go to drug treatment. Moore was advised of his right to file a pro se supplemental brief but did not do so. We affirm.

We review a district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Moreover, if a defendant possesses a controlled substance in violation of the conditions of his supervised release or tests positive for illegal substances on more than three occasions within a one-year period, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment." 18 U.S.C. § 3583(g)(1), (4). Here, Moore admitted to violating the terms of his supervised release,

2

including possessing controlled substances and testing positive for controlled substances on seven occasions in the course of a year. Therefore, the district court was required to revoke Moore's supervised release and impose a term of imprisonment. See 18 U.S.C. § 3583(g)(1), (4). Thus, we discern no error in the judgment.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*